# EXHIBIT A-3

FILED
TARRANT COUNTY
10/22/2015 9:02:54 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 153-281942-15

| | | |
|---|---|---|
| PLATINUM PRESS, INC., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ___ JUDICIAL DISTRICT |
| | § | |
| XEIKON AMERICA, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

A CERTIFIED COPY
ATTEST: 11/20/15
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____
DEPUTY
TANYA WEISS
8 PAGES

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Platinum Press, Inc. ("PPI"), pursuant to the Texas Rules of Civil Procedure, files this original petition complaining of Defendant, Xeikon America, Inc. ("Xeikon").

### I. DISCOVERY CONTROL PLAN & REQUEST FOR DISCLOSURE

1. PPI intends that discovery be conducted under Discovery Level 3.

2. PPI requests that Xeikon disclose the information or materials set forth in Texas Rule of Civil Procedure No. 194.2 within 50 days of the date of service of this petition or within such shorter time frame as the Court may order.

### II. PARTIES

3. PPI is a corporation that is organized and that exists pursuant to the laws of the State of Texas with a principal place of business in Tarrant County, Texas.

4. Xeikon is a foreign corporation doing business within the State of Texas and has transacted business in this state within the meaning of V.T.C.A., Tex. Civ. Prac. & Rem. Code § 17.042 because: (i) Xeikon entered into a contract with PPI that was performed in part in the State of Texas; and (ii) Xeikon committed one or more torts in whole or in part in the State of Texas. This dispute arises out of business transacted by Xeikon in the State of Texas. Thus, Xeikon may

PLAINTIFF'S ORIGINAL PETITION                                                                    –Page 1

153-281942-15

be served with process by delivering a citation and a true and correct copy of this petition to its registered agent, National Registered Agents, Inc., located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over Xeikon because it has transacted business in the State of Texas within the meaning of V.T.C.A., Tex. Civ. Prac. & Rem. Code § 17.042 and this dispute arises out of those transactions. Further, Xeikon has registered to do business in the State of Texas with the Secretary of State and therefore, has consented to the jurisdiction of the courts of the State of Texas.

6. This Court has jurisdiction over the subject matter of this dispute pursuant to the Article V of the Texas Constitution because the amount in controversy exceeds $500.

7. This Court is an appropriate venue for this case pursuant to V.T.C.A., Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) because part or all of the events that give rise to PPI's claims took place in Tarrant County, Texas. Alternatively, this court is an appropriate venue for this case pursuant to V.T.C.A., Tex. Civ. Prac. & Rem. Code § 15.002(a)(4) because PPI is a resident of Tarrant County, Texas.

8. PPI seeks monetary relief in excess of $600,000.00 but not over $1,000,000.00.

### IV. FACTUAL ALLEGATIONS

9. PPI is a leading supplier of healthcare packaging solutions. PPI's business has expanded tremendously over the past few years, which has resulted in the need to increase its packaging capabilities.

153-281942-15

10. In order to fulfill the increase in orders and efficiency, PPI inquired with Xeikon in March of 2014 regarding its digital printing machine. Xeikon is a highly publicized company known for its digital printing presses.

11. Thereafter, PPI entered into negotiations with Todd Blumsack, Tom Grencik, and Patrick McCarthy of Xeikon.

12. After a series of emails and phone calls, Todd Blumsack, the Vice President of Sales and Marketing for Xeikon, visited PPI offices in June of 2014 where he told PPI that the Xeikon 3500 Digital Press was the right machine for its needs. Furthermore, Mr. Blumsack told Tom Miller and Michael Miller of PPI, among other things, that: (1) if the Xeikon 3500 Digital Press was not right digital press for PPI or if the press did not perform, Xeikon would give PPI a full refund and pick up the machine off the floor; and (2) he understood PPI's purchase of the equipment would be a substantial investment and that PPI required the machine to perform as promised in order to increase PPI's production capacity.

13. After hearing the presentation from Mr. Blumsack and providing him a tour of PPI's facilities, PPI agreed to the Sales Agreement for a 3500 Digital Press.

14. In July of 2014, the Press was delivered to PPI's offices in Grand Prairie, Texas. Once installed, PPI started to run tests on the machine to make sure that the colors were consistent. However, from the start, the Press was unable to stay consistent in printing and failed to perform as advertised and represented.

15. PPI immediately began complaining to Xeikon about the defective machine. Over the course of several months, Xeikon sent several (6+) technicians to PPI's offices to remedy the issues with the Press – all of which were unsuccessful. PPI has never had a successful print run with the Press.

16. After 5 months of expense and disappointment, PPI made demand upon Xeikon to provide a complete refund and to pick up the Press as represented by Mr. Blumsack. However, Xeikon failed and refused to pick up the machine and to provide PPI the refund it requested or otherwise to replace the Press.

## V. CAUSE OF ACTION

### Count I
### (Fraud and Fraudulent Inducement to Contract)

17. PPI incorporates the allegations of paragraphs 1 through 16 above, as if fully reproduced herein.

18. Xeikon made representations to PPI with knowledge of the falsity of the representations or with reckless disregard of the truth. PPI relied on the representations and was not in a position to know of the falsity of the representations.

19. Xeikon made representations and omissions that were material in that Xeikon did not deliver a Press as promised, the Press was defective, and the Press was not fit for the particular purposes that PPI described to Xeikon prior to the execution of the sales agreement. Furthermore, Xeikon failed to pick up the Press and to provide a refund as represented when PPI informed Xeikon that the Press failed to perform as promised.

20. In making the representations and omissions, Xeikon acted so as to deceive and defraud PPI and to induce PPI into entering into a contractual agreement with Xeikon.

21. PPI has been injured as a direct and proximate result of the foregoing fraudulent acts of Xeikon, which damages include but are not limited to a full refund of the purchase price of the machine and all costs incurred by PPI in connection with attempting to make the machine function as promised by Xeikon.

153-281942-15

22.   Additionally, PPI is entitled to an award of punitive damages against Xeikon in order to deter it and others from committing the type of unlawful behavior that is described above.

### Count II
### (Breach of Contract)

23.   PPI incorporates the allegations of paragraphs 1 through 16 above, as if fully reproduced herein.

24.   Xeikon has failed to perform the agreements made with PPI in that Xeikon failed to cure the deficiencies in the machine's performance, as promised in the agreements. PPI detrimentally relied upon the promises and representations made by Xeikon and Xeikon breached express and implied warranties made to PPI.

25.   Furthermore, Xeikon was negligent in the performance of its undertaken duties and failed to perform its work in a good and workmanlike manner. Such conduct and failure to perform by Xeikon constitutes a breach of contract.

26.   Xeikon and PPI entered into a Sales Agreement, providing that the Press delivered would be free from defects in material and workmanship.

27.   However, the Press delivered was defective and Xeikon failed to perform its promises under the Sales Agreement.

28.   Xeikon knew, or reasonably should have known, that PPI depends upon the performance of the Press in order to fulfill its contractual obligations with its vendors, suppliers, carriers, customers and all others who are in or may enter into business relationships with PPI, and that Xeikon's delay in remedying the defects in the Press substantially interfered with PPI's ability to fulfill its contracts and proximately caused injury to PPI, including but not limited prospective and actual customers, loss of future and present contracts, sales and profits, and loss of goodwill.

153-281942-15

29. Xeikon has willfully breached the Sales Agreement by refusing to remedy the defects and deficiencies of the Press within a reasonable time upon receipt of PPI's demand and request for a refund.

30. PPI has substantially performed its obligations under the Sales Agreement. PPI has paid over $640,0000.00 to Xeikon for a Press that has never properly worked.

31. As a proximate result of Xeikon's acts described herein, PPI's business has been greatly interfered with, impaired, and injured. The amount of monetary damage caused, and continuing to be caused, to PPI by reason of delay in fulfilling its contracts with its customers, loss of prospective and actual customers, loss of future contracts, loss of damage to contractual relationships, express or implied, with vendors, suppliers, carriers, customers and all others who are in or may enter into business relationships with PPI, and loss of goodwill established during the previous years by PPI will be proved at trial. Such damages, however, are well in excess of the jurisdictional amount of this Court.

### Count III
### (Promissory Estoppel)

32. PPI incorporates the allegations of paragraphs 1 through 16 above, as if fully reproduced herein.

33. In the alternative to Count II, Xeikon made a promise to PPI that Xeikon did not keep.

34. Specifically, Xeikon promised that if the Press was not what PPI required, Xeikon would pick the Press up off PPI's floor and give it a full refund.

35. PPI reasonably and substantially relied on the promise from Xeikon to its detriment.

36. Injustice can be avoided only by enforcing Xeikon promise.

153-281942-15

## Count IV
### (Punitive Damages)

37. PPI incorporates the allegations of paragraphs 1 through 22 above, as if fully reproduced herein.

38. Xeikon engaged in conduct described herein intentionally and/or with a conscious disregard of PPI's rights and interests, knowing that its conduct would cause PPI substantial harm.

39. Xeikon acted with an evil motive, and its conduct warrants the imposition of substantial punitive damages, both as a punishment for its actions and as deterrence to it and others from acting in a similar fashion in the future.

### ATTORNEYS' FEES

40. The allegations of Paragraphs 1 through 39 are incorporated herein by reference with the same force and effect as if set forth in full below.

41. PPI has been required to retain the firm of Ferguson, Braswell and Fraser, P.C. prosecute its claims against Xeikon in this action and has agreed to pay the firm a reasonable fee for its reasonable and necessary services rendered. Thus, pursuant to V.T.C.A., Tex. Civ. Prac. & Rem. Code §38.001, *et. al.*, PPI is entitled to recover its attorneys' fees and all costs of court in connection with the claims advanced herein.

### V. JURY DEMAND

42. Plaintiff demands a jury trial and will tender the appropriate fee.

### VI. CONDITIONS PRECEDENT

43. All conditions precedents have been performed, satisfied, or have otherwise occurred.

153-281942-15

## VII. PRAYER

WHEREFORE, Plaintiff, Platinum Press, Inc., respectfully requests that Defendant, Xeikon America, Inc. be cited to appear and answer, and that on final trial by jury, PPI have judgment against Xeikon for:

a. Actual damages;

b. Consequential damages;

c. Exemplary Damages;

d. Pre-judgment interest at the highest legal rate;

e. Post-judgment interest from the date of the judgment at the maximum legal rate until paid;

f. Reasonable attorneys' fees;

g. All costs of court; and

h. For such other and further relief to which PPI may be justly entitled.

DATED this 22nd day of October, 2015.

Respectfully submitted,

By: /s/   *James E. Davis*
James E. Davis
State Bar No. 05504200
Ryan M.T. Allen
State Bar No. 24040414
**FERGUSON BRASWELL & FRASER, P.C.**
2500 N. Dallas Parkway, Suite 501
Plano, Texas 75093
Tel.  972.378.9111
Fax   972.378.9115
Jdavis@dallasbusinesslaw.com

**ATTORNEYS FOR PLAINTIFF,
PLATINUM PRESS, INC.**